FRANK E. CROCKER *et al.*

*v.*

AREND VANVLISSINGEN.

*Opinion filed October 23, 1907—Rehearing denied Dec. 6, 1907.*

1. WILLS—*a devise construed as passing a base or determinable fee.* A devise to the three sons of the testatrix, of a certain lot, and in case of the death of either of them "without child or children him surviving" then to the other sons in equal undivided parts, passes a base or determinable fee, and upon the death of one of such sons, at any time, without leaving child or children, his fee terminates and the devise over takes effect. (*Fifer* v. *Allen*, 228 Ill. 507, followed.)

2. SAME—*what shows that testatrix did not contemplate death of devisee during her lifetime.* The fact that the testatrix bequeaths certain property to one of her sons absolutely, without making any

230—15

provision for its disposition in case he died before her own death, shows that she contemplated that the son would outlive her, and negatives any supposition that she intended, by another devise to him, with a devise over in case he died without child or children, to provide against the contingency of his death occurring before her own.

APPEAL from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

FRANCIS A. HARPER, for appellants.

BENJAMIN LEVERING, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On September 30, 1898, Laura V. Crocker died leaving a last will and testament, by the third clause of which she devised to her three sons, Orsamus W. Crocker, Marlowe H. Crocker and Frank E. Crocker, a certain lot 6 in the city of Chicago, with this provision: "And in case of the death of either of my sons without child or children him surviving, I give and devise all of said lot six (6) to my other sons, their heirs and assigns, each an equal undivided part thereof, share and share alike." By the fourth clause she gave to her said son Orsamus W. Crocker her Masonic ring having thirteen emblems. On December 16, 1902, Orsamus W. Crocker and Cora Crocker, his wife, conveyed their share in lot 6 to William A. Shryer, who on December 20, 1902, re-conveyed to Cora Crocker. On August 6, 1905, Orsamus W. Crocker died without leaving a child or children surviving him. On October 2, 1905, Cora Crocker filed her bill in this case in the circuit court of Cook county setting up the foregoing facts and claiming to own one-third of said lot in fee and praying for a partition. Appellants, Frank E. Crocker and Marlowe H. Crocker, were made defendants, together with the owner of a mortgage

on the interest of Marlowe H. Crocker. Before any of the defendants appeared, the appellee, Arend VanVlissingen, by leave of court filed a supplemental bill, alleging that since the filing of the original bill he had purchased the interest of Cora Crocker in the premises and had become entitled to a partition. On June 15, 1906, appellants answered the supplemental bill, admitting the facts therein alleged and contending that the effect of the will was to give to Orsamus W. Crocker a determinable fee in lot 6, which came to an end at his death. The cause was heard on the pleadings, and a decree was entered finding that the appellants, Frank E. Crocker and Marlowe H. Crocker, and the appellee, Arend VanVlissingen, were each the owners of an undivided one-third of the lot, and that the interest of the mortgagee was a lien for $200 on the share of Marlowe H. Crocker, and partition was ordered. An appeal to this court followed.

The question involved is whether the testatrix intended that Orsamus W. Crocker should take a fee simple estate if he survived her, or whether the devise over took effect on his death without issue after the death of the testatrix. The proper construction of like provisions in wills has been considered by this court in many cases, the most recent of which is *Fifer* v. *Allen,* 228 Ill. 507, and under the rules of construction adopted, Orsamus W. Crocker took a base or determinable fee, which came to an end at his death without a child or children surviving him, and the devise over to his brothers took effect. Aside from the rule of construction there is a provision in this will which shows that the testatrix contemplated the death of Orsamus W. Crocker as well after her death as before, and that provision is the gift of the Masonic ring without providing for any other disposition of the ring in the event of the death of Orsamus. The testatrix intended that he should have the ring absolutely, and the argument that she was providing against the contingency of his death in her lifetime for the purpose of preventing a lapse is not only contrary to the natural im-

port of the words used, but the supposition that she had in mind the death of Orsamus in her lifetime is negatived by the bequest of the ring, which he was to have at her death.

The decree is reversed and the cause is remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*